## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JUNG MIN "JAMIE" LEE, LESLIE
CRUZ, MATTHEW DRAKE, WAYNE
FULLER, EUN JEONG OH, SARAH
PHILLIPS, ANTHONY WHITE,
ROBERT "TOD" LERNER, JENNIFER
TALLEY, JONATHAN DELOACH, and
JASON BROWN,

  Plaintiffs,

vs.

GLOVIS GEORGIA, LLC,

Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action Number:

1:13-cv-03514-ODE

<u>Jury Trial Demanded</u>

## FIRST AMENDED COMPLAINT

Plaintiffs, Jung Min "Jamie" Lee ("Lee"), Leslie Cruz ("Cruz"), Matthew Drake

("Drake"), Wayne Fuller ("Fuller"), Eun Jeong Oh ("Oh"), Sarah Phillips ("Phillips"),

Anthony White ("White"), Robert "Tod" Lerner ("Lerner"), Jennifer Talley ("Talley"),

Jonathan DeLoach ("DeLoach"), and Jason Brown ("Brown") by and through

undersigned counsel and pursuant to Fed. R. Civ. P. 15 (a)(1), hereby amend their

Complaint to clarify their claims and to add Lerner, Talley, DeLoach, and Brown as party

Plaintiffs, and show the Court as follows:

## INTRODUCTION
### 1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover due but unpaid minimum wage and overtime compensation; (2) for an additional like amount as liquidated damages; and (3)  for reimbursement of their costs of litigation, including their reasonable attorneys' fees.

### 2.

In addition to their federal causes of action, Plaintiffs assert pendent state law claims which arise out of the same set of operating facts as their federal claims.  These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE
### 3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 4.

This Court has supplemental jurisdiction over Plaintiffs' state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law

claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Glovis is located in this judicial district and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

**THE PARTIES**

6.

Lee currently resides in Bergen County, New Jersey.

7.

Glovis employed Lee as an Operations Specialist in and around West Point, Georgia from May 2009 until November 2011.

8.

At all times material hereto, Lee was an "employee" of Glovis as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about October 2010 until November 2011, Lee was "engaged in commerce" as an employee of Glovis as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

At all times material hereto, Glovis was an "employer" of Lee as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

At all times material hereto, Lee was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

12.

At all times material hereto, Lee was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

13.

At all times material hereto, Glovis did not employ Lee in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

14.

At all times material hereto, Glovis did not employ Lee in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

15.

At all times material hereto, Glovis did not employ Lee in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

16.

At all times material hereto, Glovis did not employ Lee in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

17.

Cruz resides in Troup County, Georgia.

18.

Glovis has employed Cruz as an Operations Specialist in and around West Point, Georgia from July 13, 2009 through the present date.

19.

At all times material hereto, Cruz has been an "employee" of Glovis as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

20.

From on or about October 2010 through the present date, Cruz has been "engaged in commerce" as an employee of Glovis as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

21.

At all times material hereto, Glovis has been an "employer" of Cruz as defined in FLSA § 3(d), 29 U.S.C. §203(d).

22.

At all times material hereto, Cruz was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

23.

At all times material hereto, Cruz was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

24.

At all times material hereto, Glovis did not employ Cruz in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

25.

At all times material hereto, Glovis did not employ Cruz in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

26.

At all times material hereto, Glovis did not employ Cruz in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

27.

At all times material hereto, Glovis did not employ Cruz in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

28.

Drake resides in Fayette County, Georgia.

29.

Glovis employed Drake as an IT Specialist in and around West Point, Georgia from September 10, 2010 through September 13, 2013.

30.

At all times material hereto, Drake was an "employee" of Glovis as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

31.

From on or about October 2010 through September 13, 2013, Drake was "engaged in commerce" as an employee of Glovis as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

32.

At all times material hereto, Glovis was an "employer" of Drake as defined in FLSA § 3(d), 29 U.S.C. §203(d).

33.

At all times material hereto, Drake was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

34.

At all times material hereto, Drake was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

35.

At all times material hereto, Glovis did not employ Drake in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

36.

At all times material hereto, Glovis did not employ Drake in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, Glovis did not employ Drake in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

38.

At all times material hereto, Glovis did not employ Drake in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

39.

Fuller resides in Troup County, Georgia.

40.

Glovis employed Fuller as an Operations Specialist in and around Valley, Alabama from September 20, 2010 through June 21, 2013.

41.

At all times material hereto, Fuller was an "employee" of Glovis as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

42.

From on or about October 2010 through June 21, 2013, Fuller was "engaged in commerce" as an employee of Glovis as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

43.

At all times material hereto, Glovis was an "employer" of Fuller as defined in FLSA § 3(d), 29 U.S.C. §203(d).

44.

At all times material hereto, Fuller was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

45.

At all times material hereto, Fuller was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

46.

At all times material hereto, Glovis did not employ Fuller in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

47.

At all times material hereto, Glovis did not employ Fuller in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

48.

At all times material hereto, Glovis did not employ Fuller in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

49.

At all times material hereto, Glovis did not employ Fuller in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

50.

Oh resides in Troup County, Georgia.

51.

Glovis has employed Oh as an Operations Specialist in and around Valley, Alabama from November 2010 through the present date.

52.

At all times material hereto, Oh has been an "employee" of Glovis as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

53.

From on or about November 2010 through the present date, Oh has been "engaged in commerce" as an employee of Glovis as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

54.

At all times material hereto, Glovis has been an "employer" of Oh as defined in FLSA § 3(d), 29 U.S.C. §203(d).

55.

At all times material hereto, Oh was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

56.

At all times material hereto, Oh was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

57.

At all times material hereto, Glovis did not employ Oh in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

58.

At all times material hereto, Glovis did not employ Oh in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

59.

At all times material hereto, Glovis did not employ Oh in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

60.

At all times material hereto, Glovis did not employ Oh in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

61.

Phillips resides in Macon County, Georgia.

62.

Glovis employed Phillips as an Operations Specialist in and around Valley, Alabama from February 2011 through October 4, 2013.

63.

At all times material hereto, Phillips was an "employee" of Glovis as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

64.

From on or about October 2010 through October 4, 2013, Phillips was "engaged in commerce" as an employee of Glovis as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

65.

At all times material hereto, Glovis was an "employer" of Phillips as defined in FLSA § 3(d), 29 U.S.C. §203(d).

66.

At all times material hereto, Phillips was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

67.

At all times material hereto, Phillips was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

68.

At all times material hereto, Glovis did not employ Phillips in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

69.

At all times material hereto, Glovis did not employ Phillips in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

70.

At all times material hereto, Glovis did not employ Phillips in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

71.

At all times material hereto, Glovis did not employ Phillips in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

72.

White resides in Chambers County, Alabama.

73.

Glovis employed White in its maintenance department from on or about August 2009 through September 2012.

74.

Glovis has employed White as an Operations Specialist in and around Valley, Alabama from October 2012 through the present date.

75.

At all times material hereto, White has been an "employee" of Glovis as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

76.

From on or about October 2012 through the present date, White has been "engaged in commerce" as an employee of Glovis as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

77.

At all times material hereto, Glovis has been an "employer" of White as defined in FLSA § 3(d), 29 U.S.C. §203(d).

78.

At all times material hereto, White was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

79.

At all times material hereto, White was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

80.

At all times material hereto, Glovis did not employ White in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

81.

At all times material hereto, Glovis did not employ White in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

82.

At all times material hereto, Glovis did not employ White in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

83.

At all times material hereto, Glovis did not employ White in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

84.

Lerner resides in Troup County, Georgia.

85.

Glovis employed Lerner as an IT Specialist in and around West Point, Georgia and Valley, Alabama from June 2011 through the present date.

86.

At all times material hereto, Lerner was an "employee" of Glovis as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

87.

From on or about June 2011 through the present date, Lerner has been "engaged in commerce" as an employee of Glovis as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

88.

At all times material hereto, Glovis has been an "employer" of Lerner as defined in FLSA § 3(d), 29 U.S.C. §203(d).

89.

At all times material hereto, Lerner was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

90.

At all times material hereto, Lerner was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

91.

At all times material hereto, Glovis did not employ Lerner in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

92.

At all times material hereto, Glovis did not employ Lerner in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

93.

At all times material hereto, Glovis did not employ Lerner in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

94.

At all times material hereto, Glovis did not employ Lerner in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

95.

Talley resides in Troup County, Georgia.

96.

Glovis employed Talley as an Operations Specialist in and around Valley, Alabama from on or about July 17, 2009 through May 2010.

97.

Glovis employed Talley as a Supervisor in and around Valley, Alabama from on or about June 2010 through October 20, 2013.

98.

Glovis again employed Talley as an Operations Specialist in and around Valley, Alabama from on or about October 21, 2013 through the present date.

99.

At all times material hereto, Talley has been an "employee" of Glovis as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

100.

From on or about October 21, 2013 through the present date, Talley has been "engaged in commerce" as an employee of Glovis as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

101.

At all times material hereto, Glovis has been an "employer" of Talley as defined in FLSA § 3(d), 29 U.S.C. §203(d).

102.

From on or about October 21, 2013 through the present date, Talley was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

103.

From on or about October 21, 2013 through the present date, Talley was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

104.

From on or about October 21, 2013 through the present date, Glovis did not employ Talley in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

105.

From on or about October 21, 2013 through the present date, Glovis did not employ Talley in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

106.

From on or about October 21, 2013 through the present date, Glovis did not employ Talley in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

107.

From on or about October 21, 2013 through the present date, Glovis did not employ Talley in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

108.

DeLoach resides in Chambers County, Alabama.

109.

Glovis employed DeLoach as a Team Leader in and around West Point, Georgia from approximately August 2011 through June 18, 2013.

110.

Glovis employed DeLoach as an Operations Specialist in and around LaGrange, Georgia from approximately June 19, 2013 through the present date.

111.

At all times material hereto, DeLoach has been an "employee" of Glovis as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

112.

From on or about August 2011 through the present date, DeLoach has been "engaged in commerce" as an employee of Glovis as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

113.

At all times material hereto, Glovis has been an "employer" of DeLoach as defined in FLSA § 3(d), 29 U.S.C. §203(d).

114.

At all times material hereto, DeLoach was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

115.

At all times material hereto, DeLoach was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

116.

At all times material hereto, Glovis did not employ DeLoach in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

117.

At all times material hereto, Glovis did not employ DeLoach in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

118.

At all times material hereto, Glovis did not employ DeLoach in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

119.

At all times material hereto, Glovis did not employ DeLoach in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

120.

Brown resides in Troup County, Georgia.

121.

Glovis has employed Brown as an Operations Specialist in and around Valley, Alabama from April 16, 2012 through the present date.

122.

At all times material hereto, Brown has been an "employee" of Glovis as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

123.

From on or about April 16, 2012 through the present date, Brown has been "engaged in commerce" as an employee of Glovis as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

124.

At all times material hereto, Glovis has been an "employer" of Brown as defined in FLSA § 3(d), 29 U.S.C. §203(d).

125.

At all times material hereto, Brown was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

126.

At all times material hereto, Brown was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

127.

At all times material hereto, Glovis did not employ Brown in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

128.

At all times material hereto, Glovis did not employ Brown in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

129.

At all times material hereto, Glovis did not employ Brown in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

130.

At all times material hereto, Glovis did not employ Brown in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

131.

Glovis is a limited liability company organized under the laws of the State of Georgia.

132.

Glovis maintains its principal office at 6101 Sorento Road, West Point, Troup County, Georgia.

133.

Glovis may be served with process through its registered agent Lim Jihyuk at 6101 Sorento Road, West Point, Troup County, Georgia.

134.

At all times material hereto, from on or about October 2010 until the present date, Glovis has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

135.

During 2010, Glovis had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

136.

During 2011, Glovis had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

137.

During 2012, Glovis had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

138.

During 2013, Glovis had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

139.

During 2010, Glovis had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

140.

During 2011, Glovis had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

141.

During 2012, Glovis had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

142.

During 2013, Glovis had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

143.

During 2010, Glovis had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

144.

During 2011, Glovis had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

145.

During 2012, Glovis had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

146.

During 2013, Glovis had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

147.

At all times material hereto, Glovis has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

148.

Glovis is subject to the personal jurisdiction of this Court.

149.

The FLSA requires that each Plaintiff be compensated at a rate of one and one half times the employee's regular hourly rate of pay for each hour worked in excess of forty hours in a work week.

150.

Throughout Plaintiffs' employment by Defendant, each Plaintiff was routinely scheduled to work in excess of forty (40) hours per week and each routinely worked in excess of forty (40) hours per week.

151.

Defendant maintained a "casual overtime" policy under which it failed to pay Plaintiffs any compensation for the hours they worked after their fortieth (40th) hour up until their forty-fifth (45th) hour in each work week.

152.

At all times material hereto, Plaintiffs were not subject to any exemption from the overtime pay requirements of the FLSA.

153.

At all times material hereto, Plaintiffs were not subject to any exemption from the minimum pay requirements of the FLSA.

154.

At all times material hereto, Defendant has failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213.

155.

At all times material hereto, Defendant has misclassified Plaintiffs as exempt employees.

***Claims of Plaintiff Lee***

**COUNT I - FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF LEE**

156.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

157.

At all times material hereto, Lee has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

158.

From on or about October 2010 through November 2011, Defendant failed to compensate Lee at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

159.

From on or about October 2010 through November 2011, Defendant willfully failed to compensate Lee at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

160.

Lee is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

161.

As a result of the underpayment of minimum wages as alleged above, Lee is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

162.

As a result of the underpayment of minimum wages, Defendant is liable to Lee for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II - FAILURE TO PAY OVERTIME TO PLAINTIFF LEE

163.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

164.

At all times material hereto, Lee was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

165.

During her employment with Defendant, Lee regularly worked in excess of forty (40) hours each week.

166.

Defendant failed to pay Lee at one and one half times her regular rate for work she performed from forty (40) to forty-five (45) hours in each work week from October 2010 through November 2011.

167.

Defendant willfully failed to pay Lee at one and one half times her regular rate for work she performed between forty (40) to forty-five (45) hours in each work week from October 2010 through November 2011.

168.

Lee is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

169.

As a result of the underpayment of overtime compensation as alleged above, Lee is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

170.

As a result of the underpayment of overtime compensation as alleged above, Lee is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III – BREACH OF CONTRACT AS TO LEE

171.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

172.

Lee and Glovis were parties to an employment contract (hereafter "the Contract")

from on or about October 2010 through November 2011.

173.

The Contract provided that Glovis would pay Lee for all the hours of work that

Lee performed on behalf of and for the benefit of Defendant.

174.

Defendant's failure to pay Lee for work she performed between the fortieth (40th)

and the forty-fifth (45th) hours in each workweek from on or about October 2010 through

November 2011 constitutes a material breach of the Contract.

175.

As the direct and foreseeable result of this breach, Lee has sustained and continues

to sustain damages in an amount to be proved at trial.

## COUNT IV – QUANTUM MERUIT AS TO LEE
176.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as

though fully set out in this paragraph.

177.

From on or about October 2010 through November 2011, Lee served as an Operations Specialist for Defendant.

178.

Lee's service as an Operations Specialist for Glovis as described above was valuable to Defendant.

179.

Glovis requested Lee's service as an Operations Specialist.

180.

Glovis knowingly accepted Lee's service as an Operations Specialist.

181.

The receipt of Lee's services as an Operations Specialist without proper compensation for all the hours that she worked would be unjust.

182.

Lee expected to be compensated for all the hours that she worked at the time she provided her services as an Operations Specialist.

183.

Lee is entitled to recover from Glovis the reasonable value of the services she provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

**COUNT V - PROMISSORY ESTOPPEL AS TO LEE**

184.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

185.

In or about October 2010, Glovis promised to pay Lee for all the hours that she worked in each workweek in return for Plaintiff's service as an Operations Specialist for Glovis.

186.

Glovis reasonably should have expected that its promise to Lee would induce her to act in reliance upon said promise and to perform work as an Operations Specialist for Defendant for all of the hours that Defendant required her to work in each workweek.

187.

Glovis' promise induced Lee to act in reliance thereof and to perform work as an Operations Specialist for Defendant, to her detriment.

188.

Lee's service as an Operations Specialist for Glovis for all the hours that she worked conferred a benefit on Defendant.

189.

Glovis failed to pay Lee for all the hours that she worked in accordance with its promise.

190.

Lee relied on Defendant's promise.

191.

Lee's reliance on Defendant's promise was reasonable.

192.

Injustice can only be avoided by enforcement of Defendant's promise.

193.

Lee is entitled to a recover from Glovis the reasonable value of the services she provided during all the hours that she worked for Glovis as an Operations Specialist for Defendant, in an amount to be determined at trial.

*Claims of Plaintiff Cruz*

## COUNT VI - FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF CRUZ

194.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

195.

At all times material hereto, Cruz has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

196.

From on or about October 2010 through the present date, Defendant failed to compensate Cruz at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

197.

From on or about October 2010 through the present date, Defendant willfully failed to compensate Cruz at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

198.

Cruz is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

199.

As a result of the underpayment of minimum wages as alleged above, Cruz is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

200.

As a result of the underpayment of minimum wages, Defendant is liable to Cruz for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT VII - FAILURE TO PAY OVERTIME TO PLAINTIFF CRUZ

201.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

202.

At all times material hereto, Cruz has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

203.

During her employment with Defendant, Cruz regularly worked in excess of forty (40) hours each week.

204.

Defendant failed to pay Cruz at the rate of one and one half times her regular hourly rate for the work she performed from the fortieth (40th) to the forty-fifth (45th) hour of work in each workweek from October 2010 through the present date.

205.

Defendant willfully has failed to pay Cruz at one and one half times her regular hourly rate for the work she performed between the fortieth (40th) to the forty-fifth (45th) hour in each workweek from October 2010 through the present date.

206.

Cruz is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

207.

As a result of the underpayment of overtime compensation as alleged above, Cruz is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

208.

As a result of the underpayment of overtime compensation as alleged above, Cruz is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT VIII – BREACH OF CONTRACT AS TO CRUZ

209.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

210.

Cruz and Glovis have been parties to a contract of employment (hereafter "the Contract") from on or about October 2010 through the present date.

211.

The employment Contract provided that Glovis would pay Cruz for all of the hours of work that Cruz performed on behalf of and for the benefit of Defendant.

212.

Defendant's failure to pay Cruz for the work she performed between the fortieth (40th) to the forty-fifth (45th) hours in each workweek from on or about October 2010 through the present date constitutes a material breach of the Contract.

213.

As the direct and foreseeable result of this breach, Cruz has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT IX – QUANTUM MERUIT AS TO CRUZ

### 214.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

### 215.

From on or about October 2010 through the present date, Cruz has served as an Operations Specialist for Defendant.

### 216.

Cruz's service as an Operations Specialist for Glovis as described above is valuable to Defendant.

### 217.

Glovis requested Cruz's service as an Operations Specialist.

### 218.

Glovis knowingly accepted Cruz's service as an Operations Specialist.

### 219.

The receipt of Cruz's services as an Operations Specialist for Glovis without proper compensation would be unjust.

220.

Cruz expected to be compensated at the time she provided her services as an Operations Specialist.

221.

Cruz is entitled to a recover from Glovis the reasonable value of the services she provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

## COUNT X - PROMISSORY ESTOPPEL AS TO CRUZ

222.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

223.

In or about October 2010, Glovis promised to pay Cruz for all of the hours that she worked in each work week in return for Plaintiff's service as an Operations Specialist for it.

224.

Glovis reasonably should have expected that its promise to Cruz would induce her to act in reliance upon said promise and to perform work as an Operations Specialist for Defendant for all of the hours that Defendant required her to work in each workweek.

225.

Glovis' promise induced Cruz to act in reliance thereof and perform work as an Operations Specialist for Defendant, to her detriment.

226.

Cruz's service as an Operations Specialist for Glovis conferred a benefit on Defendant.

227.

Glovis failed to pay Cruz in accordance with its promise.

228.

Cruz relied on Defendant's promise.

229.

Cruz's reliance on Defendant's promise was reasonable.

230.

Injustice can only be avoided by enforcement of Defendant's promise.

231.

Cruz is entitled to recover from Glovis the reasonable value of the services she provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

*Claims of Plaintiff Drake*

**COUNT XI - FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF DRAKE**

232.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

233.

At all times material hereto, Drake has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

234.

From on or about October 2010 through September 13, 2013, Defendant failed to compensate Drake at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

235.

From on or about October 2010 through September 13, 2013, Defendant willfully failed to compensate Drake at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

236.

Drake is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

237.

As a result of the underpayment of minimum wages as alleged above, Drake is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

238.

As a result of the underpayment of minimum wages, Defendant is liable to Drake for his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT XII - FAILURE TO PAY OVERTIME TO PLAINTIFF DRAKE**

239.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

240.

At all times material hereto, Drake was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

241.

During his employment with Defendant, Drake regularly worked in excess of forty (40) hours each week.

242.

Defendant failed to pay Drake at one and one half times his regular rate for work he performed from the fortieth (40th) to the forty-fifth (45th) hours that he worked in each work week from October 2010 through September 13, 2013.

243.

Defendant willfully failed to pay Drake at one and one half times his regular rate for work he performed between the fortieth (40th) to the forty-fifth (45th) hours in each work week from October 2010 through September 13, 2013.

244.

Drake is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

245.

As a result of the underpayment of overtime compensation as alleged above, Drake is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

246.

As a result of the underpayment of overtime compensation as alleged above, Drake is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT XIII – BREACH OF CONTRACT AS TO DRAKE

247.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

248.

Drake and Glovis were parties to a contract of employment (hereafter "the Contract") from on or about October 2010 through September 13, 2013.

249.

The Contract provided that Glovis would pay Drake for work that Drake performed on behalf of and for the benefit of Defendant.

250.

Defendant's failure to pay Drake for all the work he performed between the fortieth (40th) to the forty-fifth (45th) hours in each workweek from on or about October 2010 through September 13, 2013 constitutes a material breach of the Contract.

251.

As the direct and foreseeable result of this breach, Drake has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT XIV – QUANTUM MERUIT AS TO DRAKE

252.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

253.

From on or about October 2010 through September 13, 2013, Drake served as an IT Specialist for Defendant.

254.

Drake's service as an IT Specialist for Glovis as described above was valuable to Defendant.

255.

Glovis requested Drake's service as an IT Specialist.

256.

Glovis knowingly accepted Drake's service as an IT Specialist.

257.

The receipt of Drake's services as an IT Specialist for Glovis without proper compensation would be unjust.

258.

Drake expected to be compensated at the time he provided his services as an IT Specialist.

259.

Drake is entitled to recover from Glovis the reasonable value of the services he provided as an IT Specialist for Defendant, in an amount to be determined at trial.

**COUNT XV - PROMISSORY ESTOPPEL AS TO DRAKE**

260.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

261.

In or about October 2010, Glovis promised to pay Drake for all of the hours he worked in each work week in return for Plaintiff's service as an IT Specialist for it.

262.

Glovis reasonably should have expected that its promise to Drake would induce him to act in reliance upon said promise and to perform services as an IT Specialist for Defendant for all of the hours that Defendant required him to work in each work week.

263.

Glovis' promise induced Drake to act in reliance thereof and to perform as an IT Specialist for Defendant, to his detriment.

264.

Drake's service as an IT Specialist for Glovis conferred a benefit on Defendant.

265.

Glovis failed to pay Drake in accordance with its promise.

266.

Drake relied on Defendant's promise.

267.

Drake's reliance on Defendant's promise was reasonable.

268.

Injustice can only be avoided by enforcement of Defendant's promise.

269.

Drake is entitled to recover from Glovis the reasonable value of the services he provided as an IT Specialist for Defendant, in an amount to be determined at trial.

*Claims of Plaintiff Fuller*

**COUNT XVI - FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF FULLER**

270.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

271.

At all times material hereto, Fuller has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

272.

From on or about October 2010 through June 21, 2013, Defendant failed to compensate Fuller at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

273.

From on or about October 2010 through June 21, 2013, Defendant willfully failed to compensate Fuller at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

274.

Fuller is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

275.

As a result of the underpayment of minimum wages as alleged above, Fuller is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

276.

As a result of the underpayment of minimum wages, Defendant is liable to Fuller for his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT XVII - FAILURE TO PAY OVERTIME TO PLAINTIFF FULLER**

277.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

278.

At all times material hereto, Fuller was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

279.

During his employment with Defendant, Fuller regularly worked in excess of forty (40) hours each week.

280.

Defendant failed to pay Fuller at one and one half times his regular rate for work he performed from the fortieth (40th) to the forty-fifth (45th) hours in each work week from October 2010 through June 21, 2013.

281.

Defendant willfully failed to pay Fuller at one and one half times his regular rate for work he performed between the fortieth (40th) and to forty-fifth (45th) hours in each work week from October 2010 through June 21, 2013.

282.

Fuller is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

283.

As a result of the underpayment of overtime compensation as alleged above, Fuller is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

284.

As a result of the underpayment of overtime compensation as alleged above, Fuller is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT XVIII – BREACH OF CONTRACT AS TO FULLER

285.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

286.

Fuller and Glovis were parties to a contract of employment (hereafter "the Contract") from on or about October 2010 through June 21, 2013.

287.

The Contract provided that Glovis would pay Fuller for work that he performed on behalf of and for the benefit of Defendant.

288.

Defendant's failure to pay Fuller for work performed between the fortieth (40th) to the forty-fifth (45th) hours in each work week from on or about October 2010 through June 21, 2013 constitutes a material breach of the Contract.

289.

As the direct and foreseeable result of this breach, Fuller has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT XIX – QUANTUM MERUIT AS TO FULLER

290.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

291.

From on or about October 2010 through June 21, 2013, Fuller served as an Operations Specialist for Defendant.

292.

Fuller's service as an Operations Specialist for Glovis as described above is valuable to Defendant.

293.

Glovis requested Fuller's service as an Operations Specialist.

294.

Glovis knowingly accepted Fuller's service as an Operations Specialist.

295.

The receipt of Fuller's services as an Operations Specialist for Glovis without proper compensation would be unjust.

296.

Fuller expected to be compensated at the time he provided his services as an Operations Specialist.

297.

Fuller is entitled to a recover from Glovis the reasonable value of the services he provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

**COUNT XX - PROMISSORY ESTOPPEL AS TO FULLER**

298.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

299.

In or about October 2010, Glovis promised to pay Fuller for all of the hours he worked in each work week in return for Plaintiff's service as an Operations Specialist for it.

300.

Glovis reasonably should have expected that its promise to Fuller would induce him to act in reliance of said promise and to work as an Operations Specialist for Defendant for all of the hours that Defendant required him to work in each work week.

301.

Glovis' promise induced Fuller to act in reliance thereon and to perform as an Operations Specialist for Defendant, to his detriment.

302.

Fuller's service as an Operations Specialist for Glovis conferred a benefit on Defendant.

303.

Glovis failed to pay Fuller in accordance with its promise.

304.

Fuller relied on Defendant's promise.

305.

Fuller's reliance on Defendant's promise was reasonable.

306.

Injustice can only be avoided by enforcement of Defendant's promise.

307.

Fuller is entitled to recover from Glovis the reasonable value of the services he provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

### *Claims of Plaintiff Oh*

## COUNT XXI - FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF OH

308.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

309.

At all times material hereto, Oh has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

310.

From on or about November 2010 through the present date, Defendant failed to compensate Oh at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

311.

From on or about November 2010 through the present date, Defendant willfully failed to compensate Oh at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

312.

Oh is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

313.

As a result of the underpayment of minimum wages as alleged above, Oh is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

314.

As a result of the underpayment of minimum wages, Defendant is liable to Oh for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT XXII - FAILURE TO PAY OVERTIME TO PLAINTIFF OH

### 315.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

### 316.

At all times material hereto, Oh has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 317.

During her employment with Defendant, Oh regularly worked in excess of forty (40) hours each week.

### 318.

Defendant has failed to pay Oh at one and one half times her regular rate for work she performed from the fortieth (40th) to the forty-fifth (45th) hours in each workweek from November 2010 through the present date.

### 319.

Defendant willfully failed to pay Oh at one and one half times her regular rate for work she performed between the fortieth (40th) to the forty-fifth (45th)  hours in each workweek from November 2010 through the present date.

320.

Oh is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

321.

As a result of the underpayment of overtime compensation as alleged above, Oh is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

322.

As a result of the underpayment of overtime compensation as alleged above, Oh is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT XXIII – BREACH OF CONTRACT AS TO OH
323.

Plaintiffs incorporate the allegations in paragraphs 1-155 by reference as though fully set out in this paragraph.

324.

Oh and Glovis were parties to a contract of employment (hereafter "the Contract") from on or about November 2010 through the present date.

325.

The Contract provided that Glovis would pay Oh for work that she performed on behalf of and for the benefit of Defendant.

326.

Defendant's failure to pay Oh for work performed between the fortieth (40th) to the forty-fifth (45th) hours in each work week from on or about November 2010 through the present date constitutes a material breach of the Contract.

327.

As the direct and foreseeable result of this breach, Oh has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT XXIV – QUANTUM MERUIT AS TO OH**

328.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

329.

From on or about November 2010 through the present date, Oh has served as an Operations Specialist for Defendant.

330.

Oh's service as an Operations Specialist for Glovis as described above is valuable to Defendant.

331.

Glovis requested Oh's service as an Operations Specialist.

332.

Glovis knowingly accepted Oh's service as an Operations Specialist.

333.

The receipt of Oh's services as an Operations Specialist for Glovis without proper compensation would be unjust.

334.

Oh expected to be compensated at the time she provided her services as an Operations Specialist.

335.

Oh is entitled to recover from Glovis the reasonable value of the services she provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

## COUNT XXV - PROMISSORY ESTOPPEL AS TO OH

336.

Plaintiffs incorporate the allegations in paragraphs 1 -100 by reference as though fully set out in this paragraph.

337.

In or about November 2010, Glovis promised to pay Oh for all of the hours she worked in each work week in return for Plaintiff's service as an Operations Specialist for it.

338.

Glovis reasonably should have expected that its promise to Oh would induce her to act in reliance of said promise and to work as an Operations Specialist for Defendant for all of the hours that Defendant required her to work in each work week.

339.

Glovis' promise induced Oh to act in reliance thereon and to perform as an Operations Specialist for Defendant, to her detriment.

340.

Oh's service as an Operations Specialist for Glovis conferred a benefit on Defendant.

341.

Glovis failed to pay Oh in accordance with its promise.

342.

Oh relied on Defendant's promise.

343.

Oh's reliance on Defendant's promise was reasonable.

344.

Injustice can only be avoided by enforcement of Defendant's promise.

345.

Oh is entitled to recover from Glovis the reasonable value of the services she provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

### *Claims of Plaintiff Phillips*

## COUNT XXVI - FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF PHILLIPS

346.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

347.

At all times material hereto, Phillips has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

348.

From on or about February 2011 through October 4, 2013, Defendant failed to compensate Phillips at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

349.

From on or about February 2011 through October 4, 2013, Defendant willfully failed to compensate Phillips at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

350.

Phillips is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

351.

As a result of the underpayment of minimum wages as alleged above, Phillips is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

352.

As a result of the underpayment of minimum wages, Defendant is liable to Phillips for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT XXVII - FAILURE TO PAY OVERTIME TO PLAINTIFF PHILLIPS

353.

Plaintiffs incorporate the allegations in paragraphs 1 -100 by reference as though fully set out in this paragraph.

354.

At all times material hereto, Phillips was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

355.

During her employment by Defendant, Phillips regularly worked in excess of forty (40) hours each week.

356.

Defendant failed to pay Phillips at one and one half times her regular rate for work she performed between the fortieth (40th) to the forty-fifth (45th) hours in each work week from February 2011 through October 4, 2013.

357.

Defendant willfully failed to pay Phillips at one and one half times her regular rate for work she performed between the fortieth (40th) to the forty-fifth (45th) hours in each work week from February 2011 through October 4, 2013.

358.

Phillips is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

359.

As a result of the underpayment of overtime compensation as alleged above, Phillips is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

360.

As a result of the underpayment of overtime compensation as alleged above, Phillips is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT XXVIII – BREACH OF CONTRACT AS TO PHILLIPS**

361.

Plaintiffs incorporate the allegations in paragraphs 1 -100 by reference as though fully set out in this paragraph.

362.

Phillips and Glovis were parties to a contract of employment (hereafter "the Contract") from on or about February 2011 through October 4, 2013.

363.

The Contract provided that Glovis would pay Phillips for work that was performed by Phillips on behalf of and for the benefit of Defendant.

364.

Defendant's failure to pay Phillips for work performed between forty (40) to forty-five (45) hours in each work week from on or about February 2011 through October 4, 2013 constitutes a material breach of the Contract.

365.

As the direct and foreseeable result of this breach, Phillips has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT XXIX – QUANTUM MERUIT AS TO PHILLIPS**

366.

Plaintiffs incorporate the allegations in paragraphs 1 -100 by reference as though fully set out in this paragraph.

367.

From on or about February 2011 through October 4, 2013, Phillips served as an Operations Specialist for Defendant.

368.

Phillips's service as an Operations Specialist for Glovis as described above was valuable to Defendant.

369.

Glovis requested Phillips's service as an Operations Specialist.

370.

Glovis knowingly accepted Phillips's service as an Operations Specialist.

371.

The receipt of Phillips's services as an Operations Specialist for Glovis without proper compensation would be unjust.

372.

Phillips expected to be compensated at the time she provided her services as an Operations Specialist.

373.

Phillips is entitled to a recover from Glovis the reasonable value of the services she provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

**COUNT XXX - PROMISSORY ESTOPPEL AS TO PHILLIPS**

374.

Plaintiffs incorporate the allegations in paragraphs 1 -100 by reference as though fully set out in this paragraph.

375.

In or about February 2011, Glovis promised to pay Phillips for all of the hours she worked in each work week in return for Plaintiff's service as an Operations Specialist for it.

376.

Glovis reasonably should have expected that its promise would induce Phillips to act in reliance upon said promise and to work as an Operations Specialist for Defendant for all of the hours that Defendant required her to work in each work week.

377.

Glovis' promise induced Phillips to act in reliance thereon and to perform as an Operations Specialist for Defendant, to her detriment.

378.

Phillips's service as an Operations Specialist for Glovis conferred a benefit on Defendant.

379.

Glovis failed to pay Phillips in accordance with their promise.

380.

Phillips relied on Defendant's promise.

381.

Phillips's reliance on Defendant's promise was reasonable.

382.

Injustice can only be avoided by enforcement of Defendant's promise.

383.

Phillips is entitled to recover from Glovis the reasonable value of the services she provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

*Claims of Plaintiff White*

## COUNT XXXI - FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF WHITE

384.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

385.

At all times material hereto, Phillips has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

386.

From on or about October 2012 through the present date, Defendant failed to compensate Phillips at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

387.

From on or about October 2012 through the present date, Defendant willfully failed to compensate Phillips at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

388.

Phillips is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

389.

As a result of the underpayment of minimum wages as alleged above, Phillips is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

390.

As a result of the underpayment of minimum wages, Defendant is liable to Phillips for his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT XXXII - FAILURE TO PAY OVERTIME TO PLAINTIFF WHITE

391.

Plaintiffs incorporate the allegations in paragraphs 1-155 by reference as though fully set out in this paragraph.

392.

At all times material hereto, White has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

393.

During his employment with Defendant, White regularly worked in excess of forty (40) hours each week.

394.

Defendant failed to pay White at one and one half times his regular rate for work he performed from the fortieth (40th) to the forty-fifth (45th) hours in each workweek from October 2012 through the present date.

395.

Defendant willfully failed to pay White at one and one half times his regular rate for work he performed from the fortieth (40th) to the forty-fifth (45th) hours in each workweek from October 2012 through the present date

396.

White is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

397.

As a result of the underpayment of overtime compensation as alleged above, White is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

398.

As a result of the underpayment of overtime compensation as alleged above, White is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT XXXIII – BREACH OF CONTRACT AS TO WHITE

399.

Plaintiffs incorporate the allegations in paragraphs 1-155 by reference as though fully set out in this paragraph.

400.

White and Glovis were parties to a contract of employment (hereafter "the Contract") from on or about October 2012 through the present date.

401.

The Contract provided that Glovis would pay White for work that White performed on behalf of and for the benefit of Defendant.

402.

Defendant's failure to pay White for work performed between the fortieth (40th) to the forty-fifth (45th) hours in each work week from on or about October 2012 through the present date constitutes a material breach of the Contract.

403.

As the direct and foreseeable result of this breach, White has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT XXXIV – QUANTUM MERUIT AS TO WHITE**

404.

Plaintiff incorporates the allegations in paragraphs 1-155 by reference as if fully set out in this paragraph.

405.

From on or about October 2012 through the present date, White served as an Operations Specialist for Defendant.

406.

White's service as an Operations Specialist for Glovis as described above is valuable to Defendant.

407.

Glovis requested White's service as an Operations Specialist.

408.

Glovis knowingly accepted White's service as an Operations Specialist.

409.

The receipt of White's services as an Operations Specialist without proper compensation would be unjust.

410.

White expected to be compensated at the time he provided his services as an Operations Specialist.

411.

White is entitled to recover from Glovis the reasonable value of the services he provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

## COUNT XXXV - PROMISSORY ESTOPPEL AS TO WHITE
412.

Plaintiffs incorporate the allegations in paragraphs 1 -155 by reference as though fully set out in this paragraph.

413.

In or about October 2012, Glovis promised to pay White for all of the hours he worked in each work week in return for Plaintiff's service as an Operations Specialist for it.

414.

Glovis reasonably should have expected that its promise to White would induce him to act in reliance upon said promise and to work as an Operations Specialist for Defendant for all of the hours that Defendant requested him to work in each work week.

415.

Glovis' promise induced White to act in reliance thereon by serving as an Operations Specialist for Defendant, to his detriment.

416.

White's service as an Operations Specialist for Glovis conferred a benefit on Defendant.

417.

Glovis failed to pay White in accordance with its promise.

418.

White relied on Defendant's promise.

419.

White's reliance on Defendant's promise was reasonable.

420.

Injustice can only be avoided by enforcement of Defendant's promise.

421.

White is entitled to recover from Glovis the reasonable value of the services he provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

*Claims of Plaintiff Lerner*

## COUNT XXXVI - FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF LERNER

422.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

423.

At all times material hereto, Lerner has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

424.

From on or about June 2011 through the present date, Defendant failed to compensate Lerner at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

425.

From on or about June 2011 through the present date, Defendant willfully failed to compensate Lerner at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

426.

Lerner is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

427.

As a result of the underpayment of minimum wages as alleged above, Lerner is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

428.

As a result of the underpayment of minimum wages, Defendant is liable to Lerner for his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT XXXVII - FAILURE TO PAY OVERTIME TO PLAINTIFF LERNER**

429.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

430.

At all times material hereto, Lerner was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

431.

During his employment with Defendant, Lerner regularly worked in excess of forty (40) hours each week.

432.

Defendant failed to pay Lerner at one and one half times his regular rate for work he performed from the fortieth (40th) to the forty-fifth (45th) hours that he worked in each work week from June 2011 through the present date.

433.

Defendant willfully failed to pay Lerner at one and one half times his regular rate for work he performed between the fortieth (40th) to the forty-fifth (45th) hours in each work week from June 2011 through the present date.

434.

Lerner is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

435.

As a result of the underpayment of overtime compensation as alleged above, Lerner is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

436.

As a result of the underpayment of overtime compensation as alleged above, Lerner is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT XXXVIII – BREACH OF CONTRACT AS TO LERNER

437.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

438.

Lerner and Glovis were parties to a contract of employment (hereafter "the Contract") from on or about June 2011 through the present date.

439.

The Contract provided that Glovis would pay Lerner for work that Lerner performed on behalf of and for the benefit of Defendant.

440.

Defendant's failure to pay Lerner for all the work he performed between the fortieth (40th) to the forty-fifth (45th) hours in each workweek from on or about June 2011 through the present date constitutes a material breach of the Contract.

441.

As the direct and foreseeable result of this breach, Lerner has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT XXXIX – QUANTUM MERUIT AS TO LERNER

442.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

443.

From on or about June 2011 through the present date, Lerner served as an IT Specialist for Defendant.

444.

Lerner's service as an IT Specialist for Glovis as described above was valuable to Defendant.

445.

Glovis requested Lerner's service as an IT Specialist.

446.

Glovis knowingly accepted Lerner's service as an IT Specialist.

447.

The receipt of Lerner's services as an IT Specialist for Glovis without proper compensation would be unjust.

448.

Lerner expected to be compensated at the time he provided his services as an IT Specialist.

449.

Lerner is entitled to recover from Glovis the reasonable value of the services he provided as an IT Specialist for Defendant, in an amount to be determined at trial.

**COUNT XL - PROMISSORY ESTOPPEL AS TO LERNER**

450.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

451.

In or about June 2011, Glovis promised to pay Lerner for all of the hours he worked in each work week in return for Plaintiff's service as an IT Specialist for it.

452.

Glovis reasonably should have expected that its promise to Lerner would induce him to act in reliance upon said promise and to perform services as an IT Specialist for Defendant for all of the hours that Defendant required him to work in each work week.

453.

Glovis' promise induced Lerner to act in reliance thereof and to perform as an IT Specialist for Defendant, to his detriment.

454.

Lerner's service as an IT Specialist for Glovis conferred a benefit on Defendant.

455.

Glovis failed to pay Lerner in accordance with its promise.

456.

Lerner relied on Defendant's promise.

457.

Lerner's reliance on Defendant's promise was reasonable.

458.

Injustice can only be avoided by enforcement of Defendant's promise.

459.

Lerner is entitled to recover from Glovis the reasonable value of the services he provided as an IT Specialist for Defendant, in an amount to be determined at trial.

*Claims of Plaintiff Talley*

**COUNT XLI - FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF TALLEY**

460.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

461.

At all times material hereto, Talley has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

462.

From on or about October 21, 2013 through the present date, Defendant failed to compensate Talley at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

463.

From on or about October 21, 2013 through the present date, Defendant willfully failed to compensate Talley at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

464.

Talley is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

465.

As a result of the underpayment of minimum wages as alleged above, Talley is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

466.

As a result of the underpayment of minimum wages, Defendant is liable to Talley for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT XLII - FAILURE TO PAY OVERTIME TO PLAINTIFF TALLEY**

467.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

468.

At all times material hereto, Talley was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

469.

During her employment with Defendant, Talley regularly worked in excess of forty (40) hours each week.

470.

Defendant failed to pay Talley at one and one half times her regular rate for work she performed from the fortieth (40th) to the forty-fifth (45th) hours that she worked in each work week from on or about October 21, 2013 through the present date.

471.

Defendant willfully failed to pay Talley at one and one half times her regular rate for work she performed between the fortieth (40th) to the forty-fifth (45th) hours in each work week from on or about October 21, 2013 through the present date.

472.

Talley is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

473.

As a result of the underpayment of overtime compensation as alleged above, Talley is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

474.

As a result of the underpayment of overtime compensation as alleged above, Talley is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT XLIII – BREACH OF CONTRACT AS TO TALLEY

475.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

476.

Talley and Glovis were parties to a contract of employment (hereafter "the Contract") from on or about October 21, 2013 through the present date.

477.

The Contract provided that Glovis would pay Talley for work that Talley performed on behalf of and for the benefit of Defendant.

478.

Defendant's failure to pay Talley for all the work she performed between the fortieth (40th) to the forty-fifth (45th) hours in each workweek from on or October 21, 2013 through the present date constitutes a material breach of the Contract.

479.

As the direct and foreseeable result of this breach, Talley has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT XLIV – QUANTUM MERUIT AS TO TALLEY

480.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

481.

From on or about October 21, 2013 through the present date, Talley served as an Operations Specialist for Defendant.

482.

Talley's service as an Operations Specialist for Glovis as described above was valuable to Defendant.

483.

Glovis requested Talley's service as an Operations Specialist.

484.

Glovis knowingly accepted Talley's service as an Operations Specialist.

485.

The receipt of Talley's services as an Operations Specialist for Glovis without proper compensation would be unjust.

486.

Talley expected to be compensated at the time she provided her services as an Operations Specialist.

487.

Talley is entitled to recover from Glovis the reasonable value of the services she provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

## COUNT XLV - PROMISSORY ESTOPPEL AS TO TALLEY

488.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

489.

On or about October 21, 2013, Glovis promised to pay Talley for all of the hours she worked in each work week in return for Plaintiff's service as an Operations Specialist for it.

490.

Glovis reasonably should have expected that its promise to Talley would induce her to act in reliance upon said promise and to perform services as an Operations Specialist for Defendant for all of the hours that Defendant required her to work in each work week.

491.

Glovis' promise induced Talley to act in reliance thereof and to perform as an Operations Specialist for Defendant, to her detriment.

492.

Talley's service as an Operations Specialist for Glovis conferred a benefit on Defendant.

493.

Glovis failed to pay Talley in accordance with its promise.

494.

Talley relied on Defendant's promise.

495.

Talley's reliance on Defendant's promise was reasonable.

496.

Injustice can only be avoided by enforcement of Defendant's promise.

497.

Talley is entitled to recover from Glovis the reasonable value of the services she provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

### *Claims of Plaintiff DeLoach*

## COUNT XLVI - FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF DELOACH

498.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

499.

At all times material hereto, DeLoach has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

500.

From on or about August 2011 through the present date, Defendant failed to compensate DeLoach at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

501.

From on or about August 2011 through the present date, Defendant willfully failed to compensate DeLoach at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

502.

DeLoach is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

503.

As a result of the underpayment of minimum wages as alleged above, DeLoach is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

504.

As a result of the underpayment of minimum wages, Defendant is liable to DeLoach for his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT XLVII - FAILURE TO PAY OVERTIME TO PLAINTIFF DELOACH**

505.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

506.

At all times material hereto, DeLoach was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

507.

During his employment with Defendant, DeLoach regularly worked in excess of forty (40) hours each week.

508.

Defendant failed to pay DeLoach at one and one half times his regular rate for work he performed from the fortieth (40th) to the forty-fifth (45th) hours in each work week from August 2011 through the present date.

509.

Defendant willfully failed to pay DeLoach at one and one half times his regular rate for work he performed between the fortieth (40th) and to forty-fifth (45th) hours in each work week from August 2011 through the present date.

510.

DeLoach is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

511.

As a result of the underpayment of overtime compensation as alleged above, DeLoach is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

512.

As a result of the underpayment of overtime compensation as alleged above, DeLoach is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT XLVIII – BREACH OF CONTRACT AS TO DELOACH

513.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

514.

DeLoach and Glovis were parties to a contract of employment (hereafter "the Contract") from on or about August 2011 through the present date.

515.

The Contract provided that Glovis would pay DeLoach for work that he performed on behalf of and for the benefit of Defendant.

516.

Defendant's failure to pay DeLoach for work performed between the fortieth (40th) to the forty-fifth (45th) hours in each work week from on or about August 2011 through the present date constitutes a material breach of the Contract.

517.

As the direct and foreseeable result of this breach, DeLoach has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT XLIX – QUANTUM MERUIT AS TO DELOACH**

518.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

519.

From on or about August 2011 through the present date, DeLoach served as a Team Leader and as an Operations Specialist for Defendant.

520.

DeLoach's service as a Team Leader and as an Operations Specialist for Glovis as described above is valuable to Defendant.

521.

Glovis requested DeLoach's service as a Team Leader and as an Operations Specialist.

522.

Glovis knowingly accepted DeLoach's service as a Team Leader and as an Operations Specialist.

523.

The receipt of DeLoach's services as a Team Leader and as an Operations Specialist for Glovis without proper compensation would be unjust.

524.

DeLoach expected to be compensated at the time he provided his services as a Team Leader and as an Operations Specialist.

525.

DeLoach is entitled to a recover from Glovis the reasonable value of the services he provided as a Team Leader and as an Operations Specialist for Defendant, in an amount to be determined at trial.

## COUNT L - PROMISSORY ESTOPPEL AS TO DELOACH

526.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

527.

In or about August 2011, Glovis promised to pay DeLoach for all of the hours he worked in each work week in return for Plaintiff's service as a Team Leader and as an Operations Specialist for it.

528.

Glovis reasonably should have expected that its promise to DeLoach would induce him to act in reliance of said promise and to work as a Team Leader and as an Operations Specialist for Defendant for all of the hours that Defendant required him to work in each work week.

529.

Glovis' promise induced DeLoach to act in reliance thereon and to perform as a Team Leader and as an Operations Specialist for Defendant, to his detriment.

530.

DeLoach's service as a Team Leader and as an Operations Specialist for Glovis conferred a benefit on Defendant.

531.

Glovis failed to pay DeLoach in accordance with its promise.

532.

DeLoach relied on Defendant's promise.

533.

DeLoach's reliance on Defendant's promise was reasonable.

534.

Injustice can only be avoided by enforcement of Defendant's promise.

535.

DeLoach is entitled to recover from Glovis the reasonable value of the services he provided as a Team Leader and as an Operations Specialist for Defendant, in an amount to be determined at trial.

*Claims of Plaintiff Brown*

## COUNT LI - FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF BROWN

536.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

537.

At all times material hereto, Brown has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

538.

From on or about April 16, 2012 through the present date, Defendant failed to compensate Brown at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

539.

From on or about April 16, 2012 through the present date, Defendant willfully failed to compensate Brown at an hourly rate above or equal to the minimum wage for every hour worked as established in accordance with the FLSA.

540.

Brown is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

541.

As a result of the underpayment of minimum wages as alleged above, Brown is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

542.

As a result of the underpayment of minimum wages, Defendant is liable to Brown for his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT LII - FAILURE TO PAY OVERTIME TO PLAINTIFF BROWN

543.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

544.

At all times material hereto, Brown was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

545.

During his employment with Defendant, Brown regularly worked in excess of forty (40) hours each week.

546.

Defendant failed to pay Brown at one and one half times his regular rate for work he performed from the fortieth (40th) to the forty-fifth (45th) hours in each work week from on or about April 16, 2012 through the present date.

547.

Defendant willfully failed to pay Brown at one and one half times his regular rate for work he performed between the fortieth (40th) and to forty-fifth (45th) hours in each work week from on or about April 16, 2012 through the present date.

548.

Brown is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

549.

As a result of the underpayment of overtime compensation as alleged above, Brown is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

550.

As a result of the underpayment of overtime compensation as alleged above, Brown is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT LIII – BREACH OF CONTRACT AS TO BROWN

551.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

552.

Brown and Glovis were parties to a contract of employment (hereafter "the Contract") from on or about April 16, 2012 through the present date.

553.

The Contract provided that Glovis would pay Brown for work that he performed on behalf of and for the benefit of Defendant.

554.

Defendant's failure to pay Brown for work performed between the fortieth (40th) to the forty-fifth (45th) hours in each work week from on or about April 16, 2012 through the present date constitutes a material breach of the Contract.

555.

As the direct and foreseeable result of this breach, Brown has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT LIV – QUANTUM MERUIT AS TO BROWN

556.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

557.

From on or about April 16, 2012 through the present date, Brown served as an Operations Specialist for Defendant.

558.

Brown's service as an Operations Specialist for Glovis as described above is valuable to Defendant.

559.

Glovis requested Brown's service as an Operations Specialist.

560.

Glovis knowingly accepted Brown's service as an Operations Specialist.

561.

The receipt of Brown's services as an Operations Specialist for Glovis without proper compensation would be unjust.

562.

Brown expected to be compensated at the time he provided his services as an Operations Specialist.

563.

Brown is entitled to a recover from Glovis the reasonable value of the services he provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

## COUNT LV - PROMISSORY ESTOPPEL AS TO BROWN

564.

Plaintiffs incorporate the allegations contained in paragraphs 1-155 by reference as though fully set out in this paragraph.

565.

On or about April 16, 2012, Glovis promised to pay Brown for all of the hours he worked in each work week in return for Plaintiff's service as an Operations Specialist for it.

566.

Glovis reasonably should have expected that its promise to Brown would induce him to act in reliance of said promise and to work as an Operations Specialist for Defendant for all of the hours that Defendant required him to work in each work week.

567.

Glovis' promise induced Brown to act in reliance thereon and to perform as an Operations Specialist for Defendant, to his detriment.

568.

Brown's service as an Operations Specialist for Glovis conferred a benefit on Defendant.

569.

Glovis failed to pay Brown in accordance with its promise.

570.

Brown relied on Defendant's promise.

571.

Brown's reliance on Defendant's promise was reasonable.

572.

Injustice can only be avoided by enforcement of Defendant's promise.

573.

Brown is entitled to recover from Glovis the reasonable value of the services he provided as an Operations Specialist for Defendant, in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs' claims be tried before a jury;

2. That Plaintiffs be awarded amounts to be determined at trial against Defendant in unpaid minimum wage compensation due under the FLSA, plus additional like amounts in liquidated damages;

3. That Plaintiffs be awarded amounts to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

4. That Plaintiffs have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;

5. That Plaintiffs be awarded costs of litigation, including their reasonable attorneys' fees from Defendant; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

s/ MICHAEL A. CALDWELL
MICHAEL A. CALDWELL
GA. BAR NO. 102775

s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150

(404) 979-3170 (f)
michaelcaldwell@dcblegal.com
charlesbridgers@dcbflegal.com
woodydelong@dcbflegal.com

*s/ Earnest H. DeLong*
Earnest H. DeLong
Ga. Bar No. 217300

**Counsel for Plaintiffs**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **JUNG MIN "JAMIE" LEE, LESLIE CRUZ, MATTHEW DRAKE, WAYNE FULLER, EUN JEONG OH, SARAH PHILLIPS, ANTHONY WHITE, ROBERT "TOD" LERNER, JENNIFER TALLEY, JONATHAN DELOACH, and JASON BROWN,** | : : : : : : : : : | **Civil Action Number:**  **1:13-cv-03514-ODE** |
| **Plaintiffs,** | : : | |
| **vs.** | : : | |
| **GLOVIS GEORGIA, LLC,** | : : | |
| **Defendant.** | : | |

## CERTIFICATE OF SERVICE

I certify that on the date shown below I electronically filed the within and foregoing **FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

William M. Clifton, III

This 22nd day of November, 2013.

_s/ Michael A. Caldwell_
Michael A. Caldwell
Ga. Bar No. 102775